**[J-12-2023] [MO: Todd, C.J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

COMMONWEALTH OF PENNSYLVANIA,    :   No. 19 WAP 2022

           Appellee    :   Appeal from the Order of the
                       :   Superior Court entered May 26,
                       :   2021 at No. 582 WDA 2020,
           v.    :   affirming the Judgment of Sentence
                       :   of the Court of Common Pleas of
                       :   Allegheny County entered February
ANGELO WEEDEN,    :   24, 2020 at No. CP-02-CR-
                       :   0000513-2019.
           Appellant    :
                       :   ARGUED: April 18, 2023

## <u>CONCURRING OPINION</u>

**JUSTICE BROBSON**                      **DECIDED: NOVEMBER 16, 2023**

I join the majority opinion in full, as I agree with its analysis and application of Confrontation Clause[1] jurisprudence to the "Shotspotter Investigative Lead Summary" (Summary) at issue in this appeal. This is not to say that I am entirely at ease with the trial court's decision to admit the Summary over defense counsel's hearsay objection, particularly in light of the testimony about human involvement "in the ShotSpotter process." (Maj. Op. at 4.)[2] In addition, I am intrigued by *amici curiae's* other rule-based

---

[1] The Confrontation Clause of the Sixth Amendment to the United States Constitution provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him."

[2] I do not believe the Court's recent decision in *Commonwealth v. Wallace*, 289 A.3d 894 (Pa. 2023), relating to GPS data, forecloses this argument as it applies to the Summary specifically.

argument addressed to the reliability, or authenticity,[3] of this particular technology (Maj. Op. at 12 n.15), especially in light of the following disclaimer included in the Summary:

> [T]his summary should only be used for initial investigative purposes . . . . This summary has been generated solely for the purpose for which it is provided. Nothing herein shall to any extent substitute for the independent investigation of the shooting incident. The data and conclusions herein should be corroborated with other evidentiary sources such as recovered shell casings and witness statements.

(Appellant's Br., Appendix D at 3.) Nonetheless, the majority disposes of the only question before this Court—*i.e.*, Appellant's Confrontation Clause argument. And, as noted above, I join the majority opinion in full.

This matter, however, like our recent disposition in *Wallace*, illustrates the complex constitutional and evidentiary concerns that reasonably attach to what Justice Wecht refers to in his Concurring Opinion in *Wallace* as the use of "computer-*generated* evidence" (in contrast to "computer-*stored* evidence") at trial. *Wallace*, 289 A.3d at 908-09 (Wecht, J., concurring) (emphasis in original). One thing is certain, as technology advances, particularly in the field of artificial intelligence, these concerns will continue to arise, and judges and litigators—civil and criminal—will continue to wrestle with them. Accordingly, this may be the right time for the Court's Committee on Rules of Evidence to examine these concerns and assess whether our current rules are adequate on the subject.

Justice Dougherty joins this concurring opinion.

---

[3] *See* Pa. R. Evid. 901(b)(9) (requiring evidence of accuracy to authenticate a process or system).